See The Nassau, 4 Wall. [71 U. S.] 634.

———

UNDERHILL, The. See Case No. 2,332.

UNDERHILL (CATLIN v.). See Cases Nos. 2,523 and 2,524.

UNDERHILL (LOW v.). See Case No. 8,561.

———

## Case No. 14,337.

### UNDERHILL et al. v. PLEASONTON.

[8 Blatchf. 260.] [1]

Circuit Court, S. D. New York. Feb. 18, 1871.

INTERNAL REVENUE—BREWERS—SPECIAL TAX AS WHOLESALE DEALERS—SALE AT PLACE OF MANUFACTURE.

1. The provision, in section 59 of the internal revenue act of July 20th, 1868 (14 Stat. 150), declaring that no brewer who has paid his special tax as such, and who sells only malt liquors of his own production, at the place of manufacture, in the original casks or packages in which they are placed for the purpose of affixing the tax stamps, shall be required to pay the special tax of a wholesale dealer, left subject to such special tax brewers selling elsewhere than at the place of manufacture; and the act of April 10th, 1869 (16 Stat. 42), did not relieve brewers from taxation as wholesale dealers in respect of sales made elsewhere than at the place of manufacture.

1 [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

2. Under these acts, therefore, a brewer selling at another place than the place of manufacture, is liable to taxation as a wholesale dealer.

[This was a suit by Edward Underhill, Jr., and others, against Alfred Pleasonton, to recover for taxes alleged to have been illegally exacted.]

Thomas Harland, for plaintiffs.

Thomas Simons, Asst. Dist. Atty., for defendant.

WOODRUFF, Circuit Judge. By the act to reduce internal taxation, &c., passed July 13th, 1866, in section 48 (14 Stat. 164). a tax was imposed upon beer, ale and other similar fermented liquors, and, by section 47, every brewer was required to execute a bond to the United States, conditioned for the payment of the tax on all beer, ale, &c., before the same should be sold or removed for consumption or sale, with this proviso: "That no brewer shall be required to pay a special tax as a wholesale dealer, by reason of selling at wholesale, at a place other than his brewery, malt liquors manufactured by him." This proviso operated in favor of brewers, as a modification of subdivision 4 of the amendments of section 79 of the previous law (same act, at page 116), which declared, that wholesale dealers in distilled or fer mented liquors should pay a special tax, and that every person who should sell, or offer for sale, any distilled spirits, fermented liquors, &c., in quantities of more than three gallons or over, at one time, to the same purchaser, or whose annual sales, including sales of other merchandize, should exceed twenty-five thousand dollars, should be regarded as a wholesale dealer in liquors. There was, therefore, a special tax on wholesale dealers; a definition of wholesale dealers in liquors; a tax upon brewers for all that they manufacture; and a proviso that a brewer should not be required to pay a special tax as a wholesale dealer, by reason of selling at a place other than his brewery.

On the 20th of July, 1868, an act was passed, entitled, "An act imposing taxes on distilled spirits and tobacco, and for other purposes" (14 Stat. 125), dealing very largely with distillers, but, in many particulars, also applied to brewers. In section 59 of this act (page 150), the subjects above provided for are revised, and a definition is given of wholesale liquor dealers, and the tax which they shall pay is declared. After prescribing the tax, it enacts: "Every person who sells or offers for sale distilled spirits, wines, or malt liquors, whose annual sales shall exceed twenty-five thousand dollars, shall be regarded as a wholesale liquor dealer. But no distiller or brewer who has paid his special tax as such, and who sells only distilled spirits or malt liquors of his own production at the place of manufacture, in the original casks or packages in which they are placed for the purpose of affixing the tax stamps, shall be required to pay the special tax of a wholesale dealer." Here is a substituted enactment, covering the subject of the provisions of the former law—a prescription of the tax, a definition of the wholesale liquor dealer, and the proviso, now limited to those who sell at the place of manufacture, in the original casks or packages—a proviso which, I think, is an amendment of, or a substitute for, the proviso to the former definition of a wholesale dealer, and confining it not only to sales at the place of manufacture but to sales in the original casks or packages. The declaration, that every person who sells, or offers for sale, malt liquors, whose sales amount to the specified sum, shall be regarded as a wholesale liquor dealer, is sweeping, and clearly covers brewers selling malt liquors at any place, in any packages; and, when congress declare the exception of sales at the place of manufacture, and in the original packages, they exclude therefrom sales at any other place, on the familiar principle, "Expressio unius est exclusio alterius." The language, "every person specified except those who sell at the place of manufacture, and in the original casks or packages, shall be regarded as a wholesale liquor dealer," is inconsistent with the claim, that brewers who sell at a place other than the place of manufacture, are not to be regarded as such dealers; and, to make it plain that it was not intended to allow any other exception than the one actually declared, the act of 1868, in section 105 (page 166), declares, that "all acts and parts of acts, inconsistent with the provisions of this act, are hereby repealed." The result is, therefore, inevitable. Every person specified is to be regarded as a wholesale liquor dealer, except brewers selling at the place of manufacture, in the original casks or packages. Any act, proviso, or part of an act, which purports to create any other exception, is inconsistent with this act of 1868, and is repealed. If, therefore, no subsequent legislation relieved the plaintiffs from the tax for sales made at a place other than the place of manufacture, the tax in this case was lawfully imposed and collected.

It is claimed that the change made in the law by the act of April 10th, 1869 (16 Stat. 42), operates to relieve the plaintiffs from the tax. I think not. The sales which formed the basis of the assessment were made between the 20th of July, 1868, and the 1st of May, 1869, and the assessment of the tax was on the 20th of May, 1869. This is expressly agreed in the statement of facts submitted. The change made by the act of April 10th, 1869, did not relieve brewers from taxation as wholesale dealers in respect of sales made elsewhere than at the place of manufacture. On the contrary, the limited exception of sales made at the place of manufacture in the original casks or packages, was not only not extended so as to also except sales made at another place, but

was even narrowed, so that it was confined further to casks or original packages on which the tax stamps had been actually affixed. It was in this last respect only that the exception was altered. The rule of taxation was altered, but the case submitted and facts agreed to do not state, nor is there any complaint, that the assessment was for too large an amount. Indeed, the agreed case expressly states, "that the amount of sales between the 20th of July, 1868, and the 1st of May, 1869, was such, that, if made by a person liable to be assessed as a wholesale liquor dealer, such person would have been rendered liable thereby to be assessed for taxes in the said sum of $257.78," which sum is the precise amount paid, and for the recovery of which this suit is brought.

Whether tested by the act of 1868, or by the amendatory act of 1869, the plaintiffs were wholesale liquor dealers under the law, upon the grounds above considered. The tax was, therefore, legal, and was properly collected. Judgment must be entered for the defendant, with costs.